IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. _____

| | |
|---|---|
| DR. GREG A. WIGGAN, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY OF NORTH CAROLINA - CHARLOTTE, <br><br> Defendant. | **COMPLAINT** <br> **(Jury Trial Demanded)** |

Plaintiff, complaining of the Defendant, alleges and says:

## I. INTRODUCTION AND JURISDICTION

1. Plaintiff files this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. §1983. Plaintiff alleges that he was discriminated against because of his race and national origin when he was denied a promotion to Full Professor.

2. This is an action seeking legal and equitable relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII") and 42 U.S.C. §1983. Plaintiff alleges that he was discriminated against because of his race and national origin and retaliated against because he engaged in protected activity.

3. Jurisdiction of the court is invoked pursuant to 28 U.S.C. § 1343, this being a proceeding seeking to enforce rights and remedies secured by Title VII. Jurisdiction is also conferred upon this court by 28 U.S.C. §1331.

4. Jurisdiction is further invoked pursuant to 28 U.S.C. §§2201 and 2202, this being an action for declaratory judgment declaring illegal acts of Defendant complained of herein which violate rights secured to the Plaintiff by Title VII.

## II. PARTIES

5. Plaintiff is a Black male citizen of Charlotte, Mecklenburg County, North Carolina.

6. Defendant the University of North Carolina - Charlotte is a part of the University of North Carolina system. It is an educational institution and provides educational opportunities to students and faculty.

## III. FACTS

7. Plaintiff is a black male of Afro-Caribbean origin.

8. Plaintiff is a faculty member in the College of Education in the Department of Middle, Secondary and K-12 Education at the University of North Carolina - Charlotte. His primary responsibilities include serving in the curriculum and instruction urban education doctoral program where he taught classes, advised and mentored students, conducted research and wrote and published books and articles.

9. Dr. Wiggan was hired in June, 2006 by the University as an Assistant Professor of Education. In 2012, Dr. Wiggan obtained tenure and became an Associate Professor.

10. Plaintiff sought promotion to Full Professor and was notified that his application for Full Professor was denied in January, 2017.

11. Plaintiff was denied promotion to Full Professor while similarly situated white employees and persons who were native born Americans were awarded the Full Professor position. Plaintiff contends that those individuals did not have equal or greater qualifications for Full Professor than he did.

12. Plaintiff was nominated for four consecutive years for the College of Education Award For Excellence in Teaching (2012, 2013, 2014 and 2015). In 2015, Plaintiff was the recipient of the College of Education Award for Excellence in Teaching. This is the highest award that anyone in the College can receive for outstanding teaching.

13. Plaintiff was nominated for this award by students who now themselves are Assistant Professors in major universities across the country and from public school Principals who have completed the doctoral program.

14. Plaintiff was a nominee for the Bank of America Teaching Award.

15. Plaintiff was the 2015 College of Education Diversity Award winner for sustained and impactful service surrounding diversity.

16. Plaintiff demonstrated achievement with respect to the criteria for the position included contributing to the mission of the College and advancement of knowledge and practice in the professional field, a distinction in teaching, research, leadership, quality and impact, all demonstrate his qualifications for Full Professor. Plaintiff has been responsible for innovation in course development and curriculum at the University. He has designed seven urban education doctoral courses, all of which were approved and have been on the course offerings. He served as the Urban Education Doctoral Program Coordinator for three years. He has served as an advisor and mentor for numerous former and current students, as well as Assistant Professor mentees. Plaintiff has chaired at least eleven dissertation committees. At least eight of his students have graduated and hold either Assistant Professor or school Principal positions. Plaintiff is a Quality Matters certified teacher. There is little question about his effectiveness as a teacher.

17. Plaintiff has engaged in substantial research. He has completed thirteen academic books on various areas of school diversity, urban education and effective teaching. Four of his

books have been published by the Nobel Prize winning press, Springer-Sense of the Netherlands. In addition to his academic books, the Plaintiff has also completed four literacy books. This represents far more publications than any of the other faculty who were promoted. In fact, some of them have no book publications. Three of the Plaintiff's books have been award nominated, including the American Educational Research Association Nominee for Outstanding Curriculum Book, and the Comparative and International Education Society Nominee for Outstanding Comparative Education Book.

18. In addition to the published books, the Plaintiff has published articles in a number of distinguished journals including the *Review of Educational Research*. In addition to his own publications, Plaintiff has published articles with over twenty-eight doctoral students. He has completed over forty conference presentations, both at the local, regional, national and international level.

19. In recognition of his work, Plaintiff has received recommendations from distinguished professors from universities across the country. He has also received numerous letters of appreciation from school systems with which he has worked. He has received recognition for his work not only in the University, but also throughout the community by virtue of his participation in projects. He has been a grant recipient for work for his research at the University.

## IV. CLAIMS FOR RELIEF

### First Claim For Relief: Race Discrimination

20. Plaintiff re-alleges paragraphs 1 through 19 above.

21. Defendant discriminated against Plaintiff on the basis of his race, black, when it denied him the position of Full Professor. Plaintiff is aware that white persons who were promoted in the same cycle in which Plaintiff applied did not have the qualifications possessed by Plaintiff, including the amount of teaching skills and abilities.

4

22. Plaintiff was advised that his application was denied in January, 2017. Plaintiff thereafter appealed the denial. Plaintiff exhausted all of his appeals within the University. Plaintiff was qualified for the position of Full Professor and demonstrated, through his dossier and through the external peer review letters, that he met the qualifications and was deserving of the promotion.

23. The individuals of whom Plaintiff is aware were promoted were all white individuals and, to Plaintiff's knowledge, do not have the number of awards, publications, or teaching qualifications as does the Plaintiff. Further, Plaintiff believes that Defendant did not follow its policies regarding the promotion process.

24. Defendant discriminated against Plaintiff on the basis of his race when it failed to promote him to the position of Full Professor. Defendant's actions violate Title VII of the Civil Rights Act of 1964.

25. Plaintiff is entitled to damages, including back pay and other damages to compensate him for the discriminatory treatment.

### Second Claim For Relief: National Origin Discrimination

26. Plaintiff re-alleges paragraphs 1 through 25 above.

27. Defendant discriminated against the Plaintiff on the basis of his national origin, Afro-Caribbean. Plaintiff applied for the position of Full Professor and had qualifications which surpassed those of the persons who were successful in obtaining a Full Professor promotion. All of those persons were American born. Plaintiff's qualifications far exceed those of the successful American born applicants.

28. Defendant discriminated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964. Plaintiff suffered economic and other damages as a result of Defendant's actions and Plaintiff is entitled to be compensated for those damages.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

29. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on May 10, 2017, EEOC Charge 430-2017-00655. The Equal Employment Opportunity Commission issued Plaintiff a dismissal and notice of rights dated March 19, 2018. Plaintiff is filing this Complaint within ninety (90) days of the date of the receipt of the Right to Sue letter, has complied with all jurisdictional requirements of Title VII, and has exhausted all administrative prerequisites to instituting this proceeding.

## VI. JURY TRIAL DEMAND

30. Plaintiff hereby demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discrimination alleged hereby be remedied in full and that the court, after a jury trial:

a. Declare the actions complained of herein to be illegal;

b. Award Plaintiff back pay and such other make whole relief as Plaintiff is entitled to Under Title VII.

c. Issue an injunction enjoining the Defendant, their agents, employees, successors, attorneys and those acting in concert or participation with the Defendant and at their direction from engaging in the unlawful practices set forth herein and any other employment practice shown to be in violation of Title VII;

d. Award Plaintiff compensatory damages for pain and suffering;

e. Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, other litigation expenses; and

f.    Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 19th day of June, 2018.

*/s/ Geraldine Sumter*
Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

Attorney for Plaintiff