# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-317-FDW-DCK

| | |
|---|---|
| GREG A. WIGGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNIVERSITY OF NORTH CAROLINA - ) | |
| CHARLOTTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER BEFORE THE COURT** on "Defendant's Motion For Extension Of Time To File A Responsive Pleading (Unopposed)" (Document No. 9) filed November 19, 2018. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and noting consent of Plaintiff's counsel, the undersigned will <u>grant</u> the motion.

This matter is governed by the "Standing Order Governing Civil Case Management Before the Honorable Judge Frank D. Whitney." (3:07-MC-047-FDW, Document No. 2). As such, the "Initial Scheduling Order," issued in this case on June 19, 2018, provides in pertinent part:

> Extensions of time to serve pleadings shall not be granted except by leave of court for good cause shown (consent of opposing counsel alone is not sufficient). **Absent extraordinary circumstances, no party shall receive more than one extension of time to serve a pleading,** with any such extension being **no more than twenty (20) days in duration.**

(3:07-MC-047-FDW, Document No. 2) (emphasis added). The undersigned finds that Defendant's request is consistent with Judge Whitney's Initial Scheduling Order.

In addition, the undersigned observes that there is a pending "Motion To Dismiss Plaintiff's Complaint" (Document No. 6) filed on October 31, 2018. Noting Plaintiff's "Amended Complaint" (Document No. 8) filed on November 14, 2018, and Defendant's request for additional time to respond to the "Amended Complaint," the undersigned finds that the pending "Motion To Dismiss…" must be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion For Extension Of Time To File A Responsive Pleading (Unopposed)" (Document No. 9) is **GRANTED**. Defendant shall have up to and including **December 12, 2018** to answer or otherwise respond to Plaintiff's Amended Complaint.

**IT IS FURTHER ORDERED** that the "Motion To Dismiss Plaintiff's Complaint" (Document No. 6) be **DENIED AS MOOT**.

Signed: November 19, 2018

David C. Keesler
United States Magistrate Judge