UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00317-FDW-DCK

| | |
|---|---|
| GREG A. WIGGAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNIVERSITY OF NORTH CAROLINA - )<br>CHARLOTTE, )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 6) and Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 11). Plaintiff filed an Amended Complaint (Doc. No. 8) and a response in opposition (Doc. No. 21). Defendant then filed a reply (Doc. No. 22). Accordingly, this matter is now ripe for disposition.

Defendant filed its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing for dismissal of Plaintiff's Title VII race and national origin discrimination claims. After review of the pleadings, as well as applicable law governing the instant motion, the Court finds resolution of the parties' arguments here go outside the bounds of a Rule 12(b)(6) analysis and thus are more appropriate at the summary judgment stage.

While Defendant primarily relies on McCleary-Evans v. Maryland Dep't of Transp., 780 F.3d 582 (4th Cir. 2015), which held that plaintiff did not plausibly state a claim under Title VII, this Court notes that McCleary-Evans is distinguishable in two significant ways. Unlike the plaintiff in McCleary-Evans, who alleged she was simply "qualified" for the positions she sought

1

and did not provide any allegations regarding the qualifications of those selected for the position over her, 780 F.3d at 583-84, Plaintiff here alleges he is more qualified than those promoted over him and provides details regarding the qualifications of those promoted instead, (Doc. No. 8, at 6). Plaintiff's claims therefore more closely resemble the plaintiff's claims in Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002), where the Court reversed the lower court's granting of defendant's motion to dismiss. McCleary-Evans, 780 F.3d at 587 (distinguishing Swierkiewicz in large part because the plaintiff in Swierkiewicz alleged he was more qualified than the individual who received the promotion); see also Kirby v. Donahue, No. 0:14CV00270, 2015 U.S. Dist. LEXIS 89559, at *31 (D. Minn. July 10, 2015) (distinguishing McCleary-Evans because "Plaintiff has also alleged that a male with lesser qualifications was ultimately chosen for the position"). Consequently, Plaintiff has plausibly stated claims under Title VII for race and national origin discrimination.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 11) is DENIED WITHOUT PREJUDICE to its ability to reassert its arguments, if appropriate following discovery in this matter, in a motion for summary judgment or at trial. Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 6) is also DENIED AS MOOT.

IT IS SO ORDERED.

Signed: April 16, 2019

_____
Frank D. Whitney
Chief United States District Judge